OPINION OF THE COURT
Thomas F. Liotti, J.
The court has observed on its July 11, 2002 calendar that Police Officer Donald Hayes is the signatory, and therefore a necessary witness, on at least 10 simplified traffic informations *170 involving the same number of defendants. Officer Hayes has retired. The court took a brief recess for an in camera, ex parte, conference with the prosecutor on these cases. The court inquired as to Officer Hayes’ availability and was informed by the clerk of the court and prosecutor that the officer lives locally and is available to come into court to testify and to provide supporting depositions, if necessary. The court accepts these statements by the clerk and prosecutor as being true. The court, citing People v Fox (157 Misc 2d 238 [1993]), Joseph R. Carrieri’s Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1110 [where the Fox case is referred to in detail]), Alan Kohn, Collateral Estoppel Defeats Prosecution for Speeding (NYLJ, Mar. 9, 1993, at 2, col 1), and Restatement (Second) of Judgments § 27 — Issue Preclusion (erroneously cited as § 28, Tent Draft No. 4, this section was § 68 in Tent Draft No. 4), next inquired as to whether it or the prosecutor has an obligation under Brady v Maryland (373 US 83 [1963]), Kyles v Whitley (514 US 419 [1995]), United States v Gil (297 F3d 93 [2002]), Mendez v Artuz (303 F3d 411 [2d Cir 2002]), and the American Bar Association Standards for the Prosecution and Judicial Function in Criminal Cases (1993) to disclose to all defendants that Police Officer Hayes has retired. (See also, Thomas F. Liotti and Raymond H. Fasano, Putting Some Teeth Into Brady v. Maryland, The Attorney of Nassau County, at 4 [June 1996]; Thomas F. Liotti and Raymond H. Fasano, Forget Brady and Rosario: Use FOIL, The Attorney of Nassau County, at 3, 17 [Jan. 1997].) Presumably this fact, if known, might influence some defendants to hold out for better plea bargains or even to go to trial.
If properly demanded, defendants have a right to a supporting deposition regarding the charges against them. If the People cannot or do not provide the responsive supporting depositions from Officer Hayes, then these charges will be dismissed either on motion by the defendants or sua sponte, if the court is aware of noncompliance with the aforementioned discovery demand. (See CPL 100.25; see also, Morris, A Practice Guide to Village, Town and District Courts of New York [West Group 1995-2002].)
Of course without disclosure of the retirement, defendants may negotiate plea bargains or plead guilty, and do so without making a demand for a supporting deposition. This court informs all defendants charged with vehicle and traffic offenses to review the reverse side of their tickets and to check off the *171 “not guilty” box and the space requesting a supporting deposition. If the supporting deposition is not supplied within 30 days of the demand, then the court will dismiss the charges either on a motion to dismiss by defendants or sua sponte. Since most of the defendants who appear before us are pro se, it is the court’s responsibility to be especially vigilant as far as these defendants are concerned in order to protect their rights.
The court cannot allow the prosecution to “hoodwink” pleas from an unsuspecting public. The first order of business for this court and all others is justice and not, and never, the collection of fines and surcharges. Fairness dictates that exculpatory material be disclosed to the defense as soon as the prosecution knows of its existence, not whenever the prosecution sees fit to do so or when the spirit moves them. Justice is not on a conveyor belt where the controls are operated exclusively by the prosecution. When abuses in discovery occur, it is for courts to follow the Yellow Brick Road to the Wizard’s castle in order to expose the omnipotent Oz.
Exculpatory evidence and discovery is not a gratuity, paid at the option of the prosecution in whatever quantity it wishes. It is part of the fixed price check which the prosecution is obligated to pay as the cost for being an attorney and officer of the court. A failure to provide Brady material should result in the sharpest sanctions that may be imposed by our courts against a noncompliant prosecutor including, but not necessarily limited to, a dismissal of the charges and a reference to the appropriate grievance committee for disciplinary consideration. (See Thomas F. Liotti and Christopher Zeh, The Uneven Playing Field: Part I, Ethical Disparities Affect Criminal Cases, The Attorney of Nassau County, at 5, 14, 15, 16 [Mar. 2000]; 7 NY St B Assn, Crim Just Sec J No. 2, at 75 [Winter 1999]; Liotti and Zeh, The Uneven Playing Field: Part II, Ethical Disparities Cloud Cases, The Attorney of Nassau County, at 5 [Apr. 2000], reprinted in its entirety, 2 NY St B Assn One on One No. 2, at 21 [Summer 2000] [publication of General Practice Section]; see also, Liotti and Zeh, Uneven Playing Field: Ethical Disparities Between The Prosecution And Defense Functions In Criminal Cases, 17 Touro L Rev 467 [Winter 2001]; The Uneven Playing Field: Ethical Disparities Between the Prosecution and Defense Functions in Criminal Cases, 8 Verdict No. 2, at 3-23 [Apr. 2002] [publication of National Coalition of Concerned Legal Professionals].)
Exculpatory evidence is that which tends to exonerate. Brady and Kyles (supra) both hold that a prosecutor must provide the *172 defense with exculpatory evidence even when it is not under their direct control. They must utilize due diligence in obtaining it. The People have argued that Officer Hayes’ retirement is not exculpatory since he is available as a witness. It is the People’s position that there is no duty to disclose his retirement since the tickets were valid when issued and he was “on the job” at that time. They further contend that they are still legally issued and are under no duty to disclose the fact of Officer Hayes’ retirement since police officers retire all the time.
While the court believes that the aforementioned retirement may have an impact on plea negotiations, if disclosed, it is not, per se, exculpatory. Therefore, the court is not obligated to disclose it and neither is the prosecution. However, if Officer Hayes was not available, then the court might conclude that the People could not prove their cases and, therefore, that fact would have to be disclosed. Therefore, availability of the witness defuses the duty to disclose. Unavailability of a witness, in these circumstances, imposes a duty on the court and the prosecutor to disclose that information to all defendants who have cases with that particular police officer.
Accordingly, under these circumstances, the court finds that there is no obligation on the part of the village to disclose the retirement.